IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **DIANNE SMITH,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 18-2551-TLP-tmp |
| | ) |
| **RHONDA SCOTT,** | ) |
| | ) |
|     Defendant. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is the August 10, 2018 Notice of Removal, filed by *pro se* defendant Rhonda Scott. (ECF No. 1.) As an attachment to the Notice of Removal, Scott included a Detainer Warrant issued in the Shelby County Court of General Sessions, a Notice of Filing Notice of Removal to Federal Court, and an Answer. (ECF Nos. 1-1; 1-2; 1-3.) Scott also filed a motion to proceed *in forma pauperis*, which the court granted on August 21, 2018. (ECF No. 7.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that this action be dismissed *sua sponte* for lack of subject matter

jurisdiction and remanded to the Shelby County Court of General Sessions.

## I.   PROPOSED FINDINGS OF FACT

According to the Notice of Removal, Scott is the defendant in a Detainer Warrant action brought by Jerome and Dianne Smith in the Shelby County Court of General Sessions, concerning real property located at 3565 Stuart Road in Memphis, Tennessee 38111.  (ECF No. 1-1.)  Scott's Answer to the Detainer Warrant includes merely the case heading, date, and her signature and address; the space provided for an actual answer is blank.  (ECF No. 1-3.)  In the Notice of Removal, Scott alleges that the Detainer Warrant "intentionally fails to allege compliance with the Civil Rights Act of 1968."  (ECF No. 1.)  Scott further states that "Plaintiff is Caucasian and Defendant is African-American.  Defendant feels he [sic] is being discriminated against based on what and how certain statements were made."  (ECF No. 1 at 2.)  As best as the court can tell, Scott appears to assert that the issuance of the Detainer Warrant constitutes unlawful discrimination on the basis of her race, in violation of the Civil Rights Act of 1968 ("Fair Housing Act"), 42 U.S.C. §§ 3601-3619.  Scott asserts that a federal question is at issue and thus removal to federal court is appropriate.  (ECF No. 1 at 2-3.)

# I. PROPOSED CONCLUSIONS OF LAW

## A. Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally

construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Subject Matter Jurisdiction**

At any time and of its own volition, a district court may examine whether a complaint lacks subject matter jurisdiction. See Dietrich v. Bell, Inc., 554 F. App'x 418, 421 (6th Cir. 2014); Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). If the court finds that subject matter jurisdiction is lacking, then it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3). "[T]he removing defendant bears the burden of establishing federal court jurisdiction." Roberts v. Mars Petcare US, Inc., 874 U.S. 953, 955 (6th Cir. 2017); see also Wells Fargo Del. Trust Co., N.A. v. Lee, No. 13-2708-SHM-dkv, 2013 WL 6909961, at *3 (W.D. Tenn. Nov. 5, 2013), report and recommendation adopted as modified 2014 WL 28837 (W.D. Tenn. Jan. 2, 2014).

1.  Diversity Jurisdiction

A civil action may be removed to federal court when the parties are citizens of different states and the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1441(b); 28 U.S.C. § 1332.  There is no indication that complete diversity of the parties exists.  The citizenship of Smith has not been pled, and it appears that Scott is a citizen of Tennessee who was sued in Tennessee state court.  See 28 U.S.C. 1441(b)(2).  Nor is the amount in controversy addressed.  Accordingly, this court does not have subject matter jurisdiction on this ground and removal is not appropriate.

2.  Federal-Question Jurisdiction

"'Absent diversity of citizenship, federal-question jurisdiction is required.'"  Kitzmann v. Local 6-19M Graphic Comms. Conf. of Intern. Brothers of Teamsters, 415 F. App'x 714, 716 (6th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)); see also 28 U.S.C. § 1441(a).  "[W]hether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint."  Kitzmann, 415 F. App'x at 716.

No federal question is apparent from the face of the complaint.  Scott, the removing defendant, attached the Detainer

Warrant to her Notice of Removal. The Detainer Warrant concerns an action in Tennessee state court and does not reference any federal law, and there is no indication that Smith could have sought a similar detainer warrant in federal court. Scott's Notice of Removal does not explain the basis for removal other than (as best as the court can tell) attempting to assert that the Detainer Warrant is based on racial discrimination in violation of the Fair Housing Act. Even construed liberally, such allegations are insufficient to satisfy defendant's burden. See Roberts, 874 U.S. at 955; see also 28 U.S.C. § 1446(a) (requiring that a notice of removal include a "short and plain statement of the grounds for removal"). To the extent that Scott is attempting to assert a claim under the Fair Housing Act, "the law is clear that federal-question jurisdiction over a removed action cannot be based on a counterclaim." Lee, 2013 WL 6909961, at *3; see also Vaden v. Discover Bank, 556 U.S. 49, 62 (2009) ("counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance"); Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831–32 (2002) (stating that a counterclaim cannot service as a basis for a district court's jurisdiction under 28 U.S.C. § 1331). Thus, Scott's Notice of Removal does not establish federal-question jurisdiction.

3.  <u>Supplemental Jurisdiction</u>

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Because the court has found no basis for asserting original jurisdiction over this case, supplemental jurisdiction would likewise be inappropriate.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be remanded to the Shelby County Court of General Sessions pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 21, 2018
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**